[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12172

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FAUSTO AGUERO ALVARADO,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:11-cr-20026-KMM-5

_____

Before LAGOA, ANDERSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Fausto Aguero Alvarado, a federal prisoner at FCI Bennettsville, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the sentencing guidelines and his motion for compassionate release pursuant to § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. We find no error in the district court's rulings, and we conclude that summary affirmance is warranted. Thus, we **GRANT** the Government's motion and **AFFIRM** the district court's denial of both motions.

## BACKGROUND

In July 2013, Defendant was convicted by a jury of conspiring to distribute cocaine knowing that it would be imported into the United States, in violation of 21 U.S.C. §§ 959(a), 963, and 960(b)(1)(B). In its verdict, the jury expressly found that Defendant conspired to distribute cocaine "weighing five kilograms or more." Five kilograms is the amount of cocaine necessary to impose the maximum penalty provided for in 21 U.S.C. § 960(b), including a minimum term of ten years and a maximum term of life imprisonment. *See* 21 U.S.C. § 960(b)(1)(B).

According to the undisputed facts in the PSR, Defendant's conviction arose from an investigation conducted by the Drug Enforcement Agency, the United States Department of Homeland

Security ("DHS"), and Colombian law enforcement in 2009 concerning the sale of weapons to a terrorist organization in Colombia in exchange for cocaine. During the investigation, Defendant informed a Confidential Informant ("CI") that he had "M-60 machine guns, AK-47s, Red Eye surface-to-air missiles" and other weapons manufactured in the United States that were available to be sold in Honduras and Nicaragua. Defendant also told the CI that he had a connection with a Nicaraguan national named Franklin McField-Bent who ran a drug trafficking organization in Colombia that transported drugs throughout Central America and into Mexico. The authorities subsequently learned that Defendant had introduced McField-Bent to a woman named Lina Grandet who purportedly had between 1,000 and 1,500 kilograms of cocaine in Colombia available to ship to Honduras. McField-Bent arranged to send $20,000 to Grandet to initiate a purchase of the cocaine, but the purchase was not completed.

Later in the investigation, the CI met with and advised Defendant that he was trying to acquire weapons for Autodefensas Unidas de Colombia, a Colombian organization that DHS has identified as an armed and violent foreign terrorist group. After the CI made a down payment of $3,000 to one of Defendant's associates for weapons to be provided in the future, Defendant introduced the CI to McField-Bent. Thereafter, Defendant served as a middleman or broker for several deals between the CI and McField-Bent involving the exchange of weapons manufactured in the United States for hundreds of kilograms of cocaine located in Colombia.

Evidence recovered by Colombian police indicates that one of the deals involved 442 kilograms of cocaine and another, separate deal involved 400 kilograms of cocaine. These quantities are in addition to the 1,000 to 1,500 kilograms of cocaine involved in the deal between McField-Bent and Grandet referenced above. Based on these quantities, the PSR concluded that Defendant was accountable for "well over 150 kilograms of cocaine."

The PSR assigned Defendant the highest base offense level of 38 pursuant to § 2D1.1(a)(5) of the sentencing guidelines, which at the time applied to an offense involving 150 kilograms or more of cocaine. The PSR added a 2-level enhancement for obstruction of justice, resulting in a total offense level of 40. Defendant's criminal history category was I, yielding a recommended guidelines range of 292 to 365 months in prison, with a ten-year minimum term of imprisonment and a maximum term of life pursuant to 21 U.S.C. § 960(b)(1)(B)(ii).

Defendant stated at his sentencing hearing that he did not have any objections to the PSR's description of his offense conduct or to its calculations.[1] Consistent with the recommendations in the PSR, the district court sentenced Defendant to 360 months in prison, to be followed by five years of supervised release. This

---

[1] Defendant initially asserted two objections to the PSR: (1) that the PSR incorrectly stated that Defendant received $3,000, money Defendant claimed was given to his co-defendant McField-Bent, and (2) that the PSR improperly applied the 2-level obstruction of justice enhancement. Defense counsel represented at the sentencing hearing that those objections had been resolved.

Court affirmed Defendant's conviction and sentence on direct appeal. *See United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015). In its opinion, the Court specifically referenced deals involving Defendant that included 1,000 kilograms and 400 kilograms of cocaine, respectively. *See id.* at 480–81.

In March 2019, Defendant filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the sentencing guidelines. In support of his motion, Defendant argued that his base offense level of 38, the level that applied to 150 kilograms of cocaine at the time of his original sentencing, should be reduced by two levels to 36 under Amendment 782, a retroactively applicable amendment to the sentencing guidelines that lowered the base offense level for offenses involving at least 150 kilograms but less than 450 kilograms of cocaine. Defendant claimed the guidelines adjustment would result in a recommended guidelines range of 235 to 293 months in prison for his offense.

In July 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act of 2018 (the "First Step Act"), that statute authorizes a district court to reduce a defendant's sentence if the reduction is warranted by "extraordinary and compelling reasons" and if it is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and the applicable guidelines policy statements. *See* 18

U.S.C. § 3582(c)(1)(A)(i).[2]  In support of his motion for compassionate release, Defendant argued that he was vulnerable to contracting COVID-19 because of the "poor sanitary conditions at his facility" and because of the many cases of COVID-19 among BOP staff and inmates.  Additionally, Defendant argued that he had a "flawless" inmate disciplinary record and that he had been involved in continuous programming while in prison and at one point had acted heroically to "sav[e] the life of an employee of the United States Government."  Finally, Defendant emphasized his rehabilitation efforts and he claimed that he no longer posed any danger to the public.

The district court denied Defendant's motions for a sentence reduction and for compassionate release in a single order.  Regarding the Amendment 782 motion, the court cited undisputed facts in the PSR indicating that Defendant was accountable for at least 1,842 kilograms of cocaine, which quantity-finding triggered the same base offense level of 38 even when one applied Amendment 782.  The court thus concluded that Defendant did not show he was entitled to a lower guidelines range under Amendment 782, as required to invoke § 3582(c)(2).  As to compassionate release under § 3582(c)(1)(A), the district court found that Defendant did not satisfy his burden of demonstrating extraordinary and compelling

---

[2] Section 3582(c)(1)(A) also authorizes a sentence reduction under certain circumstances if "the defendant is at least 70 years of age" but it is undisputed that Defendant does not qualify for an age-based sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

reasons for his release, as required under that provision. Alternatively, the court stated that the § 3553(a) factors weighed against compassionate release.

Defendant appeals, arguing that the district court erred and abused its discretion when it denied his motion for a sentence reduction under § 3582(c)(2). As to his motion for compassionate release, Defendant essentially concedes that he does not qualify for relief under § 3582(c)(1)(A) based on any of the grounds this Court held in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021) can support such relief—that is, an inmate's age, qualifying medical condition, or family circumstances. Instead, Defendant argues that the Court should abandon its precedent in *Bryant* and expand its definition of what qualifies as an extraordinary and compelling reason justifying compassionate release under § 3582(c)(1)(A).

## DISCUSSION

### I.    Standards of Review

We review *de novo* a district court's legal conclusions about the scope of its authority to modify a sentence under 18 U.S.C. § 3582(c)(2). *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). Assuming the district court has such authority, we review the court's decision to grant or deny a sentence reduction under § 3582(c)(2) only for abuse of discretion. *Id.* Similarly, we review *de novo* whether a defendant is eligible for compassionate release pursuant to § 3582(c)(1)(A) and, if eligibility is established, we review the denial of a motion for compassionate

release for abuse of discretion. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quotation marks omitted)).

Summary disposition of an appeal is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3] This Court has used summary disposition to resolve appeals that do not warrant extended discussion.

II.    **Defendant's Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(2)**

Defendant argues that the district court erred when it denied his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the sentencing guidelines, which was implemented after Defendant was sentenced. Amendment 782 reduced by two levels the base offense level applicable to certain drug offenses under § 2D1.1(c) of the guidelines. *See Hughes v. United*

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981, are binding on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*States*, 138 S. Ct. 1765, 1774 (2018). Of relevance here, Amendment 782 lowered the base offense level for offenses involving at least 150 kilograms but less than 450 kilograms of cocaine to 36, and it reserved the highest base offense level of 38 for offenses involving 450 kilograms or more of cocaine. *See* U.S.S.G. App. C, Amend. 782 (2014). As noted, the PSR assigned Defendant a base offense level of 38, which at the time of Defendant's sentencing applied to offenses involving at least 150 kilograms of cocaine. *See* U.S.S.G. § 2D1.1(c) (2013). Defendant contends that, per his § 3582(c)(2) motion, the district court should have retroactively applied Amendment 782, lowered his base offense level from 38 to 36, recalculated his guidelines range, and reduced his sentence accordingly.

A district court's authority to modify a prison sentence "is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Section 3582(c)(2) provides for such authority under certain circumstances when a defendant was "sentenced to a term of imprisonment based on a [guidelines] range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2). *See also United States v. Hamilton*, 715 F.3d 328, 336–37 (11th Cir. 2013) (explaining the governing principles applicable to a § 3582(c)(2) motion for a sentence reduction). To authorize a sentence reduction, an amendment to the guidelines must be listed in § 1B1.10 of the guidelines as retroactively applicable, and the amendment must in fact result in a lower sentencing range than the range upon which the defendant's sentence was based. *See Hamilton*, 715 F.3d at 337 (noting that a sentence reduction is not

authorized by § 3582(c)(2) "if the amendment does not have the effect of lowering the defendant's applicable guidelines range" (citation and quotation marks omitted)).  Assuming both of those requirements are met, the district court still must exercise its discretion to determine whether a sentence reduction is warranted based on the sentencing factors of 18 U.S.C. § 3553(a), as well as any applicable guidelines policy statements.  *See id.*

Applying the principles set out above, a two-step analysis governs a defendant's motion for a sentence reduction under § 3582(c)(2).  *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the district court must determine whether a retroactively applicable amendment to the sentencing guidelines results in a lower guidelines range for the defendant, thus making him eligible for a reduced sentence.  *See Hamilton*, 715 F.3d at 337.  In making that determination, the district court must leave intact "all of its previous factual decisions"—including any drug quantity findings.  *See id.* (citation and quotation marks omitted).  *See also United States v. Jackson*, 58 F.4th 1331, 1336 (11th Cir. 2023) (reaffirming the rule in this circuit that a district court, when considering a First Step Act motion, is bound by prior fact findings—including judge-made drug quantity findings that trigger penalties later modified by the Act).  As the § 3582(c)(2) movant, the defendant has the burden at this stage of showing, based on those findings, that he would have received a lower guidelines range if the amendment "had been in effect at the time of his original sentencing." *Hamilton*, 715 F.3d at 341.  Next, and assuming the defendant has

shown he is eligible for a sentence reduction under § 3582(c)(2), the court must decide at the second stage of the analysis "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence" after considering the pertinent § 3553(a) sentencing factors and any applicable guidelines policy statements. *See Bravo*, 203 F.3d at 781.

Here, the district court correctly found at the first stage of the analysis that Defendant is not eligible for a sentence reduction under § 3582(c)(2). As the court acknowledged, Amendment 782 is retroactively applicable per § 1B1.10 of the guidelines. *See* U.S.S.G. § 1B1.10(d). Nevertheless, Defendant failed to demonstrate that his offense involved less than 450 kilograms of cocaine, such that his base offense level would be lower under Amendment 782 than the level that was applied at his sentencing. On the contrary, the unobjected to—and thus undisputed—facts in the PSR show that Defendant's offense involved a minimum of 1,842 kilograms of cocaine. *See United States v. Davis*, 587 F.3d 1300, 1303–04 (11th Cir. 2009) (holding that the defendant was "deemed to have admitted, for sentencing purposes, the facts in the PS[R] he did not object to clearly and specifically at sentencing" and that the district court was "permitted to make factual findings based on the undisputed statements in the PS[R]" when ruling on the defendant's § 3582(c)(2) motion for a sentence reduction). As such, Defendant's base offense level under Amendment 782 would be 38, the same base offense level applied at his sentencing. *See* U.S.S.G. App. C, Amend. 782 (2014). Accordingly, the district court was not

authorized by § 3582(c)(2) to reduce Defendant's sentence and it clearly did not err when it denied Defendant's motion for a sentence reduction under that provision. *See Hamilton*, 715 F.3d at 337.

The only substantive argument Defendant makes in support of his appeal as to the § 3582(c)(2) issue is that he was sentenced based on "uncharged quantities" of drugs, in contravention to *Alleyne v. United States*, 570 U.S. 99 (2013). *Alleyne* has no relevance to Defendant's case. In *Alleyne*, the Supreme Court held that "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 108. Here, there is no dispute that Defendant's mandatory minimum was based on the jury's finding that he conspired to distribute cocaine "weighing five kilograms or more." *See* 21 U.S.C. § 960(b)(1)(B). Further, the Court's holding in *Alleyne* derives from a criminal defendant's Sixth Amendment right to a jury trial. *See Alleyne*, 570 U.S. at 104. The Supreme Court has made it clear that the sentence modification procedures of § 3582(c)(2) "are not constitutionally compelled" and thus "do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." *Dillon v. United States*, 560 U.S. 817, 828 (2010).

In short, the district court did not err when it denied Defendant's motion for a reduced sentence under § 3582(c)(2), and the Government's argument to that effect clearly is correct as a matter of law. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. The

Government's motion for summary affirmance is thus **GRANTED** as to this issue, and the district court's order denying the motion is **AFFIRMED**.

## III.    Compassionate Release

Defendant also argues that the district court erred by denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  As amended by the First Step Act, § 3582(c)(1)(A) authorizes the district court to grant a defendant's motion for compassionate release if:  (1) "extraordinary and compelling reasons warrant" such relief and (2) the defendant's release is consistent with the sentencing factors of § 3553(a) and the "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The relevant policy statement, found in U.S.S.G. § 1B1.13, echoes the statutory requirements, stating that a district court may grant a defendant's motion for compassionate release "if, after considering the factors set forth in . . . § 3553(a)," the court determines that:  (1) "[e]xtraordinary and compelling reasons warrant" the defendant's release and (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  *See* U.S.S.G. § 1B1.13.  *See also United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) ("1B1.13 is an applicable policy statement for all [§ 3582(c)(1)(A)] motions[.]"); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (listing three conditions that are necessary for a sentence reduction under § 3582(c)(1)(A):  support in the § 3553(a) factors,

extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement).

The applicable guidelines policy statement, cited above, identifies three extraordinary and compelling reasons that can authorize a court to grant a motion for compassionate release under § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(C). First, a defendant's medical condition can constitute an extraordinary and compelling reason for release if the defendant can show that he is suffering either from a "terminal illness" or a "serious physical or medical condition" that "substantially diminishes [his] ability . . . to provide self-care" in prison and "from which he . . . is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). Second, release is permitted under certain circumstances if the defendant is at least 65 years old. *See* U.S.S.G. § 1B1.13, cmt. n.1(B). And finally, a defendant's family circumstances can create an extraordinary and compelling reason for release based on the "death or incapacitation of the caregiver of the defendant's minor child" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C). The policy statement also contains a catch-all provision that allows the Bureau of Prisons ("BOP") to determine that there are other extraordinary and compelling reasons for a particular defendant's release, but this Court has held that only the BOP—as opposed to the court—has the authority to determine that release is warranted under that provision. *See Bryant*, 996 F.3d at 1263 ("We cannot replace the phrase '[a]s

determined by the Director of the [BOP]' with 'as determined by a district court.'").

Defendant does not demonstrate—or even argue—that he is eligible for compassionate release based on any of the reasons set out above. Instead, he argues for release under § 3582(c)(1)(A) as a result of: (1) his susceptibility to COVID-19 based on the poor sanitary conditions of prison, (2) his "flawless" discipline record; (3) his heroic action saving the life of an employee of the United States Government, and (4) his rehabilitation. This Court held in *Bryant* that relief can only be granted under § 3582(c)(1)(A) based on one of the reasons expressly set out in the applicable guidelines policy statement—that is, a qualifying medical condition, advanced age, or family circumstances requiring the defendant to act as a caretaker to a minor child, spouse, or registered partner. *See id.* at 1265 ("Because [the defendant's] motion does not fall within any of the reasons that 1B1.13 identifies as extraordinary and compelling, the district court correctly denied his motion for a reduction of his sentence." (quotation marks omitted)). The factors cited by Defendant do not qualify. As such, summary affirmance is warranted because Defendant failed to establish extraordinary and compelling reasons to justify his compassionate release.

Defendant essentially concedes that his compassionate release motion is not viable under *Bryant*, but he urges the Court to reconsider and vacate the panel opinion in *Bryant* based on precedent from other circuits and district courts around the country. Defendant's argument is precluded by this Court's prior panel

precedent rule. *See In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015). Under that rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court" or by this Court sitting *en banc. Id.* Because *Bryant* has not been overturned by the Supreme Court or this Court sitting *en banc*, this Court is bound by it. Defendant's argument that we should disregard *Bryant* is thus clearly unavailing.

## CONCLUSION

As the movant, Defendant had the burden of establishing his eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2) and compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See Hamilton*, 715 F.3d at 337. The district court correctly held that Defendant failed to meet that burden here. The Government's motion for summary affirmance is thus **GRANTED**, and the court's order denying both Defendant's motion for a sentence reduction under § 3582(c)(2) and his motion for compassionate release under § 3582(c)(1)(A) is **AFFIRMED**.