[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10296

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARK KIRKSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:05-cr-00033-AW-GRJ-1

_____

Before JORDAN, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Mark Kirksey, proceeding *pro se*, appeals the district court's denial of his motion for reconsideration of the court's order denying his motion to reduce his sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). We affirmed the district court's denial of Kirksey's motion to reduce his sentence in a previous appeal. *See United States v. Kirksey*, No. 21-10280, 2021 WL 2909733 (11th Cir. July 12, 2021). Now, in the instant appeal, Kirksey has appealed from the district court's denial of his motion for reconsideration of that earlier order, and the government has responded by moving for summary affirmance. After careful review, we grant the government's motion for summary affirmance.

Summary disposition is appropriate either where time is of the essence, like in "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the

23-10296                Opinion of the Court                3

appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We generally review *de novo* whether a district court had the authority to modify a defendant's term of imprisonment under the First Step Act. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020), *vacated*, 143 S. Ct. 72 (2022), *reinstated by United States v. Jackson*, 58 F.4th 1331 (11th Cir. 2023). But we review the denial of a motion for reconsideration for abuse of discretion. *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018). To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must show on appeal that every stated ground for the judgment against him is incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"), enacted on August 3, 2010, amended 21 U.S.C. § 841(b)(1) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act; *see Dorsey v. United States*, 567 U.S. 260, 268–69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack and powder cocaine offenses was disproportional and reflected race-based differences). Specifically, § 2(a)(1) raised the quantity of crack cocaine necessary to trigger a 10-year mandatory

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

minimum sentence from 50 to 280 grams, and § 2(a)(2) raised the quantity of crack cocaine threshold to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)–(2); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). The Fair Sentencing Act did not make any changes to the penalties for powder cocaine offenses. *See generally* Fair Sentencing Act § 2(a). At that time, the amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive for certain "covered offenses" the statutory penalties enacted under the Fair Sentencing Act. *See* First Step Act § 404. Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act adds that "[n]o court shall entertain a motion" under § 404 "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.* § 404(c).

Section 401 of the First Step Act narrowed the types of drug convictions that would trigger recidivist penalties under § 841(b)

and reduced § 841(b)(1)(A)'s statutory minimum from life imprisonment to 25 years for defendants with 2 qualifying drug convictions. *Id*. § 401(a)(1)-(2). The changes from § 401 were not made retroactive. *Id*. § 401(c).

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to Section 404(b) were denied in the district courts. *See* 962 F.3d at 1293. We held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id*. at 1301. We also explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id*. at 1303. Specifically, we stated that the "as if" qualifier in Section 404(b) of the First Step Act -- which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed" -- imposes a limitation on the district court's authority. *Id*. (quoting First Step Act § 404(b)). The district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Id*.

In *United States v. Taylor*, we reiterated that "'the First Step Act does not authorize the district court to conduct a plenary or *de novo* resentencing.'" 982 F.3d 1295, 1302 (11th Cir. 2020) (quoting *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020), *abrogated on other grounds by Concepcion v. United States*, 142 S. Ct. 2389

(2022)).  The issue before us was "whether a federal drug crime involving both crack cocaine and another controlled substance can be a 'covered offense' as that term is defined in the Act."  *Id*. at 1297.  There, Taylor had been convicted of conspiracy to possess with intent to distribute 5 kilograms of powder cocaine and 50 grams of crack cocaine.  *Id*.  We held that "the First Step Act's definition of a covered offense covers a multidrug conspiracy offense that includes *both* a crack-cocaine element *and* another drug-quantity element."  *Id*. at 1300 (quotations omitted).  We further said that "[t]he authority to reduce [a defendant's] sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect when [he] committed his offense does not permit the court to reduce [his] sentence on the covered offense based on changes in the law beyond those mandated by those sections."  *Id.* at 1302 (quotations omitted).

The Supreme Court held in *Concepcion* that sentencing courts may consider intervening changes of law or fact in adjudicating a First Step Act motion.  142 S. Ct. at 2396.  The Supreme Court stated that while courts must consider these arguments when raised by the parties, whether to reduce the defendant's sentence remains within their sound discretion.  *Id*.  The Court explained that sentencing courts have historically had wide latitude to consider any information relevant to understanding a defendant's individual circumstances, and "[n]othing in the text and structure of the First Step Act expressly, or even implicitly, overcomes the established tradition of district court's sentencing discretion."  *Id*. at 2401.  In so holding, the Supreme Court overruled our prior holding in *Denson* that a court cannot reduce a defendant's sentence

based on changes in the law beyond those mandated by the Fair Sentencing Act. *Id.* at 2398 n.2 (citing *Denson*, 963 F.3d at 1089).

In October 2022, the Supreme Court granted a petition for a writ of *certiorari* filed by one of the four appellants from the consolidated appeal in *Jones*, vacated our judgment, and remanded for further consideration in light of *Concepcion*. *Jackson v. United States*, 143 S. Ct. 72 (2022). On remand, we concluded that *Concepcion* did not abrogate our reasoning in *Jones* and reinstated our prior decision in *Jones*. *Jackson*, 58 F.4th at 1333. We rejected the argument that *Concepcion* abrogated *Jones* and would allow a defendant like Jackson to use intervening changes in law like in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to show that they were eligible for a sentence reduction. *Id.* at 1335–37. Specifically, we disagreed with Jackson's argument that the Supreme Court in *Concepcion* had rejected the premise in *Jones* that the "as if" language in § 404 imposed a substantive limit on the information that court could consider under the First Step Act. *Id.* at 1335–36. We explained that *Jones* concerned how to determine the drug quantity involved in the defendant's offense and what his corresponding statutory penalties were for purposes of determining whether he was sentenced for a "covered offense" under the First Step Act, whereas *Concepcion* addressed which factors a district court may consider when deciding whether to exercise its discretion to reduce a sentence after it had determined that the defendant was sentenced for a "covered offense." *Id.* at 1336–37. We held that Jackson still was not eligible for relief because he could not rely on the intervening change of

law in *Apprendi* to redefine his offense for purposes of a First Step Act motion. *Id*. at 1337–38.

We've recently explained that *Concepcion* abrogated aspects of *Denson* regarding whether a court adjudicating a First Step Act motion could consider changes in law unrelated to those specified in the Fair Sentencing Act but that *Concepcion* did not abrogate *Denson*'s holding that a court could not reduce defendants' sentences for non-covered offenses. *United States v. Files*, 63 F.4th 920, 930–31 (11th Cir. 2023). We also explained that the Supreme Court's discussion in *Concepcion* pertained to the absence of limitations by Congress on how a district court exercises its discretion in reducing a defendant's sentence, not its authority to do so in the first place. *Id*. at 931. We confirmed that a district court can consistently apply *"Denson*'s holding limiting the categories of sentences that can be reduced and *Concepcion*'s holding empowering courts to exercise broad discretion in imposing reduced sentences for those qualifying offenses." *Id*.

The law-of-the-case doctrine provides that an appellate decision binds all subsequent proceedings in the same case as to explicit or implicit fact findings and legal conclusions made in a prior appeal. *United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014). An exception to the law-of-the-case doctrine may be warranted if there is new evidence; an intervening change in controlling law dictates a different result; or the appellate decision, if implemented, would cause manifest injustice because it is clearly erroneous. *Id*. at 668–69.

Here, summary affirmance is warranted because Kirksey cannot show that the district court erred as to each of the three independent grounds it relied on in its denial of Kirksey's motion for reconsideration. *Sappuppo*, 739 F.3d at 680. In his previous appeal, we affirmed the district court's determination that Kirksey was ineligible for relief under *Jones* because the "as if" clause in the First Step Act precluded relief where Kirksey was already serving the lowest statutory penalty -- life imprisonment -- that would have been available under the Fair Sentencing Act. *See Kirksey*, 2021 WL 2909733, at *4; *see also Jones*, 962 F.3d at 1300–01; *Taylor*, 982 F.3d at 1300. Since then, we've clarified that *Concepcion* did not change this analysis because it only addressed what information the district court could consider in deciding whether to exercise its discretion to reduce a sentence, not how the court determines whether a defendant is eligible for relief. *Jackson*, 58 F.4th at 1333; *Files*, 63 F.4th at 930–31. Because *Concepcion* did not disturb the holding in *Denson* that we relied on in Kirksey's previous appeal -- nor abrogate our law that we otherwise applied in determining he was ineligible for a reduction -- an exception to the law-of-the-case doctrine is not warranted. *Anderson*, 772 F.3d at 668.

Accordingly, because the government's position is clearly correct as a matter of law that there is no substantial question as to the outcome of the case, we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**