[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-10806

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEONCIO PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:97-cr-00509-FAM-2

_____

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

We previously issued an opinion affirming the denial of appellant Leoncio Perez's motion for a sentence reduction pursuant to the First Step Act of 2018. The Supreme Court vacated our opinion and remanded the case for reconsideration in light of *Concepcion v. United States*, 142 S. Ct. 2389 (2022).

In our original opinion, we concluded that the district court lacked the authority to reduce Perez's life sentences. We relied on our decision in *United States v. Jones*, which held that for purposes of determining whether a defendant is eligible for a sentence reduction, a district court is "bound by a previous finding of drug quantity that could have been used to determine the [defendant's] statutory penalty at the time of sentencing." 962 F.3d 1290, 1303 (11th Cir. 2020). Because Perez was convicted and sentenced before the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we looked to the drug-quantity finding made at sentencing to determine what Perez's statutory penalty range would have been under the Fair Sentencing Act. Because the district court found at sentencing that Perez was responsible for 616.4 grams of crack cocaine and because given this drug quantity Perez remained subject to mandatory life sentences under the

Fair Sentencing Act, we concluded that he was ineligible for a sentence reduction.

After we issued the original opinion in this case, the Supreme Court issued its decision in *Concepcion*, addressing the factors a district court may consider when deciding whether to exercise its discretion to award an eligible defendant a sentence reduction under the First Step Act. 142 S. Ct. at 2396. The defendant in *Concepcion* was eligible for a sentence reduction under the First Step Act because he was convicted of a "covered offense" for which the penalty range had been lowered by the Fair Sentencing Act. *Id.* at 2396–97. In urging the district court to exercise its discretion and reduce his sentence, the defendant asked the district court to consider changes in the law that occurred after his sentencing as well as subsequent factual developments, including evidence of his rehabilitation while he was incarcerated. *Id.* at 2397. The district court refused to consider these developments, concluding that it could "consider[] only the changes in law that the Fair Sentencing Act enacted." *Id.* (internal quotation marks omitted). The Supreme Court disagreed. Looking to the traditional "discretion federal judges hold at . . . sentencing modification hearings," the Court concluded that a district court may "consider intervening changes of law or fact" when deciding whether to exercise its "discretion to reduce a sentence." *Id.* at 2404. The Court held that a district court could consider "evidence of rehabilitation or other changes in law" when deciding whether to exercise its discretion. *Id.* at 2404–05.

After a Supreme Court remand based on *Concepcion* in another case, this Court held that "*Concepcion* did not abrogate the reasoning of our decision" in *Jones* addressing when a defendant is eligible for a sentence reduction. *United States v. Jackson*, 58 F.4th 1331, 1333 (11th Cir. 2023). Because the binding law in our circuit has not changed, we reinstate our prior decision and affirm the district court's order denying Perez's motion.

**AFFIRMED.**