[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13296

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL G. HARPER,
a.k.a. Cuban Mike,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:99-cr-00125-KMM-11

_____

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

We previously affirmed the district court's denial of Michael Harper's motion for a sentence reduction under the First Step Act of 2018. The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *Harper v. United States*, 142 S. Ct. 2898 (2022).

*Concepcion* established that district courts may consider intervening changes in the law when deciding whether and how much to reduce the sentence of a defendant who is eligible for relief under the First Step Act. 142 S. Ct. at 2396. And because "district courts are always obligated to consider nonfrivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when the parties raise them." *Id.* *Concepcion* also acknowledged, however, that the First Step Act explicitly left the decision whether to grant a sentence reduction to the district court's discretion. *Id.* So although district courts are required to consider arguments raised by the parties, "the First Step Act does not compel courts to exercise their discretion to reduce any sentence based on those arguments." *Id.*

20-13296                Opinion of the Court                3

Harper argues that *Concepcion* abrogated our holding in *United States v. Jones* that "in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." 962 F.3d 1290, 1303 (11th Cir. 2020). He contends that *Concepcion* requires district courts to retroactively apply *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by disregarding any drug-quantity finding not made by a jury when calculating the movant's new statutory penalties and Sentencing Guidelines range. In his case, he says, this means that his statutory sentencing range should be based on 21 U.S.C. § 841(b)(1)(C), which provides a maximum sentence of 20 years in prison for an offense involving an unspecified amount of crack cocaine. And because his Guidelines sentence was dependent on his statutory penalty, his *Apprendi*-adjusted statutory sentence would result in a Guidelines sentence of 20 years in prison, rather than the life sentence calculated by the district court.

Harper's argument is foreclosed by our recent opinion following a Supreme Court remand of one of the four appeals decided in *Jones*. *See United States v. Jackson*, 58 F.4th 1331 (2023). In *Jackson*, we held that *Concepcion* did not abrogate the reasoning in *Jones*, and we reinstated our prior opinion in that case. *Id.* at 1333. His argument is also foreclosed by *Concepcion* itself, which explained that a district court *cannot* "recalculate a movant's benchmark Guidelines range in any way other than to reflect the

retroactive application of the Fair Sentencing Act. Rather, the First Step Act directs district courts to calculate the Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of the offense." *Concepcion*, 142 S. Ct. at 2402 n.6. Using the new Guidelines range as a "benchmark," the court "may then consider postsentencing conduct or nonretroactive changes in selecting or rejecting an appropriate sentence." *Id.*

The district court here correctly determined that Harper was eligible for a sentence reduction under the First Step Act because he was sentenced for a "covered offense"; namely, conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(a)–(b), 132 Stat. 5194, 5222; *Jones*, 962 F.3d at 1301. The court also correctly determined that Harper's statutory sentencing range would still be ten years to life in prison under the Fair Sentencing Act, based on the court's finding at sentencing that his offense involved 1.5 kilograms of crack cocaine, and his Guidelines sentence would still be life in prison. *See* 21 U.S.C. §841(b)(1)(A) (2012); *Jones*, 962 F.3d at 1303; *see also* U.S.S.G. §§ 2D1.1(d)(1), 2A1.1.

The district court's order indicates that it considered Harper's argument based on *Apprendi*. After correctly calculating Harper's benchmark Guidelines sentence under the Fair Sentencing Act, the court determined that a reduction in Harper's sentence below the advisory Guidelines sentence of life in prison would not be appropriate. This decision was within the broad discretion

20-13296                Opinion of the Court                    5

afforded to district courts to grant or deny First Step Act motions. *See* First Step Act § 404(c); *Concepcion*, 142 S. Ct. at 2404; *Jones*, 962 F.3d at 1304.  We therefore affirm.

**AFFIRMED.**