[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-11257

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BOBBY LEE INGRAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 5:94-cr-00002-WTM-BWC-2

_____

ON REMAND FROM THE

SUPREME COURT OF THE UNITED STATES

Before GRANT, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this appeal, we originally affirmed in part and vacated in part the district court's order denying Bobby Lee Ingram's motion for a sentence reduction under section 404 of the First Step Act 2018. *See United States v. Ingram*, 831 F. App'x 454 (11th Cir. 2020) (unpublished). In pertinent part,[*] we concluded -- based on our decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020) -- that the district court was bound by its earlier judge-made finding that Ingram was responsible for 4,167 grams of crack cocaine. Given that drug-quantity finding, we concluded that a "sentence of life imprisonment [was] still the lowest possible penalty that would be available to [Ingram] under the Fair Sentencing Act." The district court thus lacked authority to reduce Ingram's sentence for Count 1. *See Ingram*, 831 F. App'x at 458.

---

[*] Because we found the record ambiguous about whether the district court understood properly the scope of its authority to reduce Ingram's sentence on Count 14, we vacated in part the district court's denial and remanded for further proceedings. That portion of our decision is not at issue now.

The Supreme Court later granted *certiorari*, vacated our decision, and remanded the case to us for additional consideration in the light of its decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *See Ingram v. United States*, 143 S. Ct. 70 (2022).

We have since concluded that the Supreme Court's decision in *Concepcion* did not abrogate the reasoning of our decision in *Jones*, including our determination that "the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentence." *See United States v. Jackson*, 58 F.4th 1331, 2023 U.S. App. LEXIS 2772 *1, *8-9 (11th Cir. 2023) (reinstating the Court's prior decision affirming the denial of Jackson's motion to reduce his sentence).

Because our decision in *Jones* remains binding law, we reinstate our prior decision in this appeal.

OPINION    REINSTATED;    AFFIRMED    IN    PART, VACATED IN PART, AND REMANDED.