[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 20-11126

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TONY L. FORD,
a.k.a. BoBo,
a.k.a. Bo,
a.k.a. Big Head,

Defendant-Appellant.

_____

2                    Opinion of the Court                    20-11126

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:05-cr-00044-SCB-JSS-1

_____

Before NEWSOM, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

ON REMAND FROM THE SUPREME COURT OF THE
UNITED STATES

We previously issued an opinion affirming the district court's denial of Tony Ford's motion for a sentence reduction under section 404 of the First Step Act of 2018. *See United States v. Ford*, 858 F. App'x 325 (11th Cir. 2021) (unpublished).

In our original opinion, we concluded that a sentence of life imprisonment remained the lowest possible penalty available to Ford under the Fair Sentencing Act given the quantity of drugs involved in Ford's offense (5 kilograms of powder cocaine and 50 grams of crack cocaine) and Ford's two prior felony drug convictions. *See id*. at 328 (explaining that, "[b]oth before and after passage of the Fair Sentencing Act, [21 U.S.C. §] 841(b)(1)(A)(ii) imposed a mandatory life sentence for offenses involving five kilograms or more of powder cocaine committed by defendants with two or more prior felony drug convictions."). For that reason, we concluded -- relying on our decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020) -- that the district court lacked authority to reduce Ford's sentence. *See Ford*, 858 F. App'x at 327-28.

We also rejected Ford's suggestion that his sentence should be reduced based on other changes in the law that had since lowered the statutory-mandatory-penalty for his offense. We explained that -- because the district court was not free to consider changes in the law "beyond those mandated by sections 2 and 3" of the Fair Sentencing Act -- it was immaterial that "Ford might be subject to a lower statutory mandatory sentence under the most recent version of section 841(b)(1)(A)." *See id.* at 328.

The Supreme Court later granted *certiorari*, vacated our decision, and remanded the case to us for additional consideration in the light of its decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *See Ford v. United States*, 143 S. Ct. 71 (2022). In *Concepcion*, the Supreme Court concluded that district courts may "consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *See* 142 S. Ct. at 2404. The parties have filed supplemental briefs addressing what effect, if any, *Concepcion* has on the disposition of this appeal.

In his supplemental brief, Ford contends that the district court had discretion under *Concepcion* to consider an intervening change to the statutory-mandatory-minimum sentence in section 841(b)(1)(A) in ruling on Ford's First Step Act motion. We disagree.

We have already concluded that the Supreme Court's decision in *Concepcion* did not abrogate our decision in *Jones*. *See United States v. Jackson*, 58 F.4th 1331, 1333 (11th Cir. 2023). In distinguishing the circumstances presented in *Concepcion* from those presented in *Jones*, we explained that *Jones* involved a determination

about drug-quantity: "an issue that arises before the sentencing court's discretion comes into play." *Id*. at 1336. *Concepcion*, on the other hand, addressed what factors a district court may consider when exercising its discretion to modify a movant's sentence: "an issue that arises only after drug quantity and the corresponding statutory penalties have been established." *See id*. In drawing that distinction, we were guided by language in *Concepcion* specifying that "[a] district court cannot . . . recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." *See id*. at 1337 (citing *Concepcion*, 142 S. Ct. at 2402 n.6, 2403 n.8).

We have also reaffirmed post-*Concepcion* our conclusion in *Jones* that a district court lacks authority to reduce a sentence under the First Step Act if the movant "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *See United States v. Clowers*, 62 F.4th 1377, 1380-81 (11th Cir. 2023) (affirming the denial of a sentence reduction under the First Step Act because the movant would still be subject to a mandatory life sentence had the Fair Sentencing Act been in effect when he committed his offense). And we have stressed that a district court determines the applicable statutory penalty by "recalculat[ing] the statutory sentencing range as if the Fair Sentencing Act's changes -- *and only those changes* -- were in effect at the time the offense was committed." *See id*. at 1378 (emphasis added).

The central issue in this case involves the calculation of the minimum-statutory-penalty Ford would face under the Fair

20-11126                Opinion of the Court                5

Sentencing Act: a matter "that arises before the sentencing court's discretion comes into play." *See Jackson*, 58 F.4th at 1336. Applying only those changes made by the Fair Sentencing Act, Ford would still be subject to a statutory-mandatory-minimum-sentence of life imprisonment. The district court, thus, lacked authority to reduce Ford's sentence and never reached the discretionary decision-making stage addressed in *Concepcion*. *See Clowers*, 62 F.4th at 1380-81.

We see no conflict between our prior opinion in this appeal and the Supreme Court's decision in *Concepcion*. We reinstate our prior opinion and affirm the district court's order denying Ford's motion for a reduced sentence.

OPINION REINSTATED; AFFIRMED.