[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10480

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CALVIN SOLOMON,
a.k.a. Scabo,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:95-cr-00007-HES-MCR-1

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Calvin Solomon appeals the district court's order denying his motion for a sentence reduction pursuant to § 404 of the First Step Act of 2018. The government has moved for summary affirmance and to stay the briefing schedule. We grant the government's motion for summary affirmance.

**I.**

In 1995, a grand jury charged Solomon with conspiring to distribute five kilograms or more of powder cocaine and an unspecified amount of crack cocaine. At trial, a jury found Solomon guilty of the conspiracy offense. At sentencing, the district court found that the offense involved at least 1.5 kilograms of crack cocaine. Based on this drug quantity and because Solomon had at least two prior convictions for felony drug offenses, the district court was required to impose a mandatory life sentence. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (1995).

In 2010, Congress passed the Fair Sentencing Act to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams

and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams. *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii) (2011). But the Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

In 2018, Congress passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act gave district courts the discretion to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective. *See* First Step Act § 404.

Solomon filed a motion in the district court seeking a sentence reduction under the First Step Act. The district court denied the motion. It found that Solomon was not eligible for a sentence reduction because he already was "serving the lowest statutory penalty availabl[e] to him" under the Fair Sentencing. Doc. 227 at 4.[1] In calculating what Solomon's sentence would have been under the Fair Sentencing Act, the district court used the drug quantity found at sentencing: 1.5 kilograms of crack cocaine. Given this drug quantity and Solomon's prior felony drug convictions, the district court concluded that he would have remained subject to a mandatory life sentence under the Fair Sentencing Act. The district court then continued on to say even if Solomon were eligible for a

---

[1] "Doc." numbers refer to the district court's docket entries.

sentence reduction, it would not exercise its discretion to reduce his sentence.

This is Solomon's appeal. After Solomon filed his appellant's brief, the government filed a motion for summary affirmance.

## II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

We review *de novo* whether a district court had the authority to modify a defendant's term of imprisonment under the First Step Act. *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023).

## III.

District courts generally lack the authority to modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). But the First Step Act permits district courts to reduce some previously-imposed terms of imprisonment for offenses involving crack

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

cocaine. *See* First Step Act § 404. Under § 404, a district court that sentenced a movant for a "covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b).

The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). Those sections contain the quantity adjustments for minimum sentences put in place to reduce the disparity between crack and powder cocaine sentences. *See Dorsey*, 567 U.S. at 269. As a result, "if a [movant] was sentenced before the effective date of the Fair Sentencing Act for an offense that includes as an element the quantity of crack cocaine described in [§ 841(b)(1)(A)(iii)], his offense is a covered offense under the First Step Act." *United States v. Clowers*, 62 F.4th 1377, 1380 (11th Cir. 2023).

But a district court does not have the authority to reduce the sentence of every movant with a covered offense. *See id.* Because the First Step Act specifies that any sentence reduction must be made "as if" the Fair Sentencing Act were in effect at the time of the movant's offense, we have held that "no relief is available under the First Step Act" if the movant "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Id.* (internal quotation marks omitted).

We have previously addressed how a district court determines what a movant's statutory penalty would have been under

the Fair Sentencing Act. *See United States v. Jones*, 962 F.3d 1290, 1300–02 (11th Cir. 2020), *vacated sub nom. Jackson v. United States*, 143 S. Ct. 72 (2022), *reinstated by Jackson*, 58 F.4th at 1333. As we have explained, a "district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing," including a drug-quantity finding "made by a judge." *Id.* at 1302–03.We acknowledged that the Supreme Court in *Apprendi v. New Jersey* recognized that a jury must make such a drug-quantity finding when it increases the statutory penalty. *Id.* at 1302 (citing 530 U.S. 466, 490 (2000)). But we held that for a movant who was sentenced prior to *Apprendi*, a district court could look to a drug-quantity finding made by a judge at sentencing because that finding was used to set the movant's penalty range and "just as a movant may not use *Apprendi* to collaterally attack his sentence, he cannot rely on *Apprendi* to redefine his offense for purposes of a First Step Act motion." *Id.* (internal citation omitted).

Later, the Supreme Court held in *Concepcion v. United States* that district courts may consider intervening changes of law or fact when deciding whether to exercise their discretion under § 404 to reduce an eligible movant's sentence. 142 S. Ct. 2389, 2396 (2022). In reaching this conclusion, the Court emphasized that district courts have discretion in sentencing proceedings. *See id.* at 2398–2401. The Court concluded "the First Step Act simply did not contravene this well-established sentencing practice," explaining that "[n]othing in the text and structure of the First Step Act expressly,

23-10480                Opinion of the Court                7

or even implicitly, overcomes the established tradition of district courts' sentencing discretion." *Id.* at 2401.

Later, the Supreme Court granted a petition for a writ of certiorari filed by one of the four movants from the consolidated appeal in *Jones*, vacated our judgment, and remanded for further consideration in light of *Concepcion*. *See Jackson*, 143 S. Ct. at 73. On remand, the movant argued that *Concepcion* abrogated the holding in *Jones* that district courts are bound by drug quantity findings made at sentencing because *Concepcion* made clear that district courts are free to consider intervening changes in law, such as *Apprendi*. *Jackson*, 58 F.4th at 1335–36. We rejected this argument, concluding that "*Concepcion* did not abrogate the reasoning of our decision in . . . *Jones*," and reinstated our prior decision. *Id.* at 1333.

In this appeal, Solomon argues that the district court erred in concluding that he was ineligible for a sentence reduction because under *Apprendi* the district court could not look at the drug quantity finding made at sentencing to determine what his penalty range would have been under the Fair Sentencing Act. But Solomon concedes that this argument is foreclosed by *Jackson*. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

Given our binding precedent, we conclude that there is no substantial question as to the outcome of this appeal; therefore, summary affirmance is appropriate. *See Groendyke Transp.*, 406 F.2d

at 1162. Accordingly, the government's motion for summary affirmance is GRANTED and its motion to stay the briefing schedule is DENIED as moot.

**AFFIRMED.**