[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14027

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ISRAEL CALLI DUENAS,
a.k.a. Israel Kelly,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:94-cr-03093-RV-3

_____

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Israel Duenas appeals the district court's denial of his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Duenas asserts the district court had the authority to modify his life sentence when it was based on a pre-*Apprendi,*[1] judge-made drug quantity finding. After review,[2] we affirm the district court.

The First Step Act grants a court the discretion to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b); *see generally* Fair Sentencing Act of 2010, Public Law 111–220, 124 Stat. 2372 (2010) (reducing sentencing disparities between crack and powder cocaine). Under the Fair Sentencing Act, a defendant who possesses with intent to distribute 280 grams of cocaine base and has two or more prior convictions for a felony drug offense must be sentenced to life imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii) (2010) (amended 2018).

A district court has no authority to reduce a sentence under the First Step Act "if the defendant received the lowest statutory penalty that also would be available to him under the Fair

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[2] "We review *de novo* questions of statutory interpretation and whether a district court had the authority to modify a term of imprisonment." *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023).

Sentencing Act." *United States v. Clowers*, 62 F.4th 1377, 1380 (11th Cir. 2023) (quotation marks omitted). In determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by previous drug quantity findings, including those made by a judge, that could have been used to determine the movant's statutory penalty at the time of sentencing. *United States v. Jackson*, 58 F.4th 1331, 1337–38 (11th Cir. 2023).

The district court did not err when it denied Duenas's motion. Based on the judge-found quantity of over 280 grams of cocaine base and his prior convictions, Duenas would be subject to a mandatory life sentence under the Fair Sentencing Act. 21 U.S.C. § 841(b)(1)(A)(iii) (2010). Because Duenas received the lowest statutory penalty that would be available to him under the Fair Sentencing Act, the First Step Act did not grant the district judge the authority to reduce his sentence. *See Clowers*, 62 F.4th at 1380. In determining whether it had the authority to reduce his sentence, the district court was bound by the judge-made drug quantity finding. *See Jackson*, 58 F.4th at 1337-38. While Duenas has preserved his argument for possible future review, this Court is bound to follow the precedent set forth in *Jackson*. *See United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) ("Under our prior panel precedent rule, we are bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc.").

**AFFIRMED.**