[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11797

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT WOODS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:09-cr-00032-CDL-MSH-1

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

A prior panel of this Court vacated the district court's original order denying Robert Woods's counseled motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act") because the record was ambiguous as to whether the district court understood that it had authority to reduce Woods's sentence. On remand, the district court again denied Woods's motion for a sentence reduction. Woods appeals the district court's order denying his motion again on remand, arguing that the court abused its discretion because it still appeared to misunderstand its authority to reduce his sentence.

We review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020), *vacated by Jackson v. United States*, 143 S. Ct. 72 (2022), *reinstated by United States v. Jackson*, 58 F.4th 1331, 1333 (11th Cir. 2023). A district court abuses its discretion when it misunderstands its authority to modify a sentence. *United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021).

District courts lack inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The First Step Act permits district courts to reduce a previously imposed term of imprisonment for certain prisoners as if the Fair Sentencing Act of

2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act") were in effect at the time their offense was committed. First Step Act § 404(b).

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. § 841(b)(1) to reduce the sentencing disparity between crack and powder cocaine. *See Dorsey v. United States*, 567 U.S. 260, 268-69 (2012). Specifically, § 2(a)(1) raised the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum sentence from 50 to 280 grams, and § 2(a)(2) raised the quantity of crack cocaine threshold to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)-(2); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

In 2018, Congress enacted the First Step Act, which made retroactive for certain "covered offenses" the statutory penalties enacted under the Fair Sentencing Act. *See* First Step Act § 404. Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

There are two preliminary limits on the district court's ability to reduce a sentence under § 404. *Concepcion v. United States*, 597 U.S. 481, 494-95 (2022). First, a district court may not "entertain a motion" under the First Step Act if the defendant's sentence previously was imposed or reduced under the Fair Sentencing Act. First Step Act § 404(c); *Concepcion*, 590 U.S. at 494-95. Second, a district court may not consider a § 404 motion "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act § 404(c); *Concepcion*, 590 U.S. at 494-95.

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to Section 404(b) were denied in the district courts. *See* 962 F.3d at 1293. We explained that the First Step Act permitted the district court to impose a reduced sentence as if the Fair Sentencing Act was in effect at the time that the covered offense was committed. *Id.* at 1297. We held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1301. We also explained that a movant's satisfaction of the "covered offense" requirement did not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. We further explained that the "as-if" requirement imposed two relevant limitations: (1) it did not permit reducing a movant's sentence if he received the lowest statutory penalty that would be available under the Fair Sentencing Act; and (2) "in determining

what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Id.*

Here, the district court did not abuse its discretion with respect to its denial of Woods's motion to reduce his sentence under the First Step Act because it clarified on remand that it understood its authority to reduce Woods's sentence but chose not to. A panel of this Court determined that the district court's previous order was ambiguous as to whether it understood that it had the authority to reduce Woods's sentence. *See United States v. Woods*, No. 21-14273, 2023 WL 2249939 at *3 (11th Cir. Feb. 28, 2023). It further stated that it was only necessary to decide the disputed issue of which drug quantity should be used to determine Woods's statutory imprisonment range under the Fair Sentencing Act if the court wished to entertain a sentence of less than 120 months. *Id.*

Under that direction, on remand, the district court resolved the ambiguity identified by this Court. It clarified, multiple times and with emphasis, that it had full understanding that it had the authority to reduce Woods's sentence. It further explained that it denied Woods a reduction of his 262-month sentence because it was at the bottom of his guideline range and remained appropriate in light of the 18 U.S.C. § 3553(a) factors. To that end, the court made clear that it did not believe that any reduction was appropriate, much less that it was inclined to entertain a sentence

of less than 120 months. These statements all show that the district court did not misunderstand its authority to reduce Woods's sentence. *Stevens*, 997 F.3d at 1317.

Additionally, as the prior panel in this case pointed out, the crux of the parties' disagreement lies in which drug quantity was proper to use for determining Woods's statutory imprisonment range under the Fair Sentencing Act: the 50-gram quantity that Woods was charged with and pled guilty to, or the 285-gram quantity that Woods stipulated to in his plea agreement. *See Woods*, 2023 WL 2249939 at *1. This dispute centers on the interpretation of the language in *Jones* that "in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Jones*, 962 F.3d at 1303. However, the prior panel in this case held that it was unnecessary to decide the issue of the controlling drug quantity unless the district court was willing to entertain a sentence lower than the 120-month mandatory minimum that would apply when using the 285-gram quantity. *See Woods*, 2023 WL 2249939 at *3 & n.3. On remand after the prior panel decision in this case, the district court expressly held that no sentence reduction was warranted, much less a reduction below 120 months. While the parties devote much of their arguments on appeal to the issue of which drug quantity applies, it is unnecessary to decide this issue in light of the district court's determination that no sentence reduction at all was "appropriate in light of the sentencing factors found at 18 U.S.C. §

23-11797                Opinion of the Court                          7

3553(a)." It logically follows that the district court would not have entertained a sentence of less than 120 months and therefore, as the prior panel held, it is not necessary in this case to decide which drug quantity should apply. Accordingly, we affirm.

**AFFIRMED.**