[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13522

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GLENN COX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:90-cr-01002-AW-GRJ-1

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and LAGOA, Circuit Judges.

PER CURIAM:

Glenn Cox appeals *pro se* the denial of his motion for a sentence reduction under section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. He again argues that his conviction for possessing a firearm as a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(e), for which he was sentenced as an armed career criminal, violates the Second Amendment and that the district court erred by concluding that the Act did not permit relief. He also argues that the district court lacked jurisdiction to sentence him as an armed career criminal, *id.*, because his conviction for a predicate offense did not become final until after the grand jury returned its superseding indictment. The government moves for summary affirmance. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We affirm.

We review whether a district court had the authority to modify a defendant's term of imprisonment under the Act *de novo*. *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023). Although district courts ordinarily lack the authority to modify a term of imprisonment after its imposition, *see* 18 U.S.C. § 3582(c), the Act permits district courts to reduce some sentences for offenses involving crack cocaine, *see* First Step Act § 404(a).

The district court correctly determined that it lacked the authority to reduce Cox's sentence for the firearm offense, 18 U.S.C.

§§ 922(g)(1), 924(e), because it was not a "covered offense" under the Act. *See* First Step Act § 404(a); *United States v. Files*, 63 F.4th 920, 930–31 (11th Cir. 2023) (holding that, even after *Concepcion v. United States*, 597 U.S. 481 (2022), a district court may not reduce a defendant's sentence for non-covered offenses). Insofar as Cox argues that his conviction for the firearm offense is invalid because the district court lacked jurisdiction to impose it, section 404 of the Act does not permit relief, and he points to no intervening change in controlling law that entitles him to a sentence reduction for this offense. Any challenge to the validity of his conviction for the firearm offense must be brought in a motion to vacate his sentence. *See* 28 U.S.C. § 2255.

Because the government's position is clearly correct as a matter of law and there is no substantial question as to the outcome of the case, we **GRANT** the motion for summary affirmance. *See Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**