[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10966

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SCOTT TERRY KRAVATZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:17-cr-00008-MW-GRJ-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Scott Terry Kravatz, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion to reduce sentence and the order denying his motion for reconsideration of the same.  The district court construed Kravatz's motion to reduce as an improperly filed 28 U.S.C. § 2241 habeas corpus petition challenging the execution of a sentence, or alternatively as an unexhausted motion for compassionate release, 18 U.S.C. § 3582(c)(1)(A), pursuant to § 603 of the First Step Act.[1]  On appeal, Kravatz has filed a motion for judicial notice and request to expedite the appeal due to the shortness of his sentence.  The government, in turn, moves for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion.  11th Cir. R. 31-1(c).

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

We liberally construe *pro se* pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (explaining that federal courts should look beyond the label of pro se pleadings to determine proper characterization, but should not rewrite pleadings on behalf of the litigant).

A challenge to the execution of a sentence, rather than the validity of the sentence itself, is properly brought under § 2241. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (citation omitted). Habeas corpus petitions filed pursuant to § 2241 must be brought "only in the district court for the district in which the inmate is incarcerated," and the court lacks jurisdiction to consider the motion otherwise. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991).

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings that are clearly erroneous. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). We will not reverse unless we have a definite and firm conviction that the district court committed a clear error of judgment. *United States v. McGregor*, 960 F.3d 1319, 1323 (11th Cir. 2020). The abuse-of-discretion standard recognizes a range of possible conclusions by the district court. *See id.* However, we review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th

Cir. 2020), *vacated*, 143 S. Ct. 72 (2022), *reinstated in United States v. Jackson*, 58 F.4th 1331 (11th Cir. 2023).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). The First Step Act expressly permits a district court to reduce a previously imposed term of imprisonment. *Jones*, 962 F.3d at 1297.

The First Step Act, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release. *See* First Step Act § 603. The statute provides that a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c).

In the context of compassionate release, the statute provides that:

> [T]he court, upon . . . motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i).

We have concluded that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, but instead is a "claim processing rule" that requires us to look at whether the government argued that a given defendant has forfeited the right to seek compassionate release by failing to exhaust administrative remedies. *Harris*, 989 F.3d at 910-11.

Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence. Fed. R. Evid. 201(a), (b).

Here, summary affirmance is warranted because Kravatz's first claim in his motion for sentence reduction—that the Bureau of Prisons is running his 120-month sentence for the instant offense before the 2-year sentence he also received for violating his supervised release—is an execution-of-sentence claim properly brought in a § 2241 petition, while the second claim in his motion—that he should have received concurrent sentences, not consecutive—was an unexhausted request for compassionate release. *Harris*, 989 F.3d at 911; *Fernandez*, 941 F.2d at 1495. As for the motion for reconsideration, Kravatz did not present any case law that suggested that he was entitled to have the court reconsider its ruling on the original motion, and the district court made clear that nothing raised by Kravatz in his motion changed the prior result.

Kravatz's motion to take "judicial notice" of the fact that he was sentenced on the same date for both the instant offense and for the revocation of his supervised release in the 2009 case is meritless,

as that fact is well-established in the existing record. Fed. R. Evid. 201(a), (b).  Because the resolution of this appeal is clear, and because this appeal is now ripe for our disposition, Kravatz's motion to expedite is moot.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance and DENY AS MOOT Kravatz's motion for judicial notice and request to expedite.  *Groendyke Transp., Inc.*, 406 F.2d at 1162.

AFFIRMED.