[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13594

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PAUL CROSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:93-cr-00123-DMM-8

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Paul Cross, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to reduce his total sentence, under 18 U.S.C. § 3582(c)(2) and First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. On appeal, Mr. Cross primarily argues that the district court had authority to reduce his total sentence in light of the Supreme Court's recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). He also argues — for the first time — that he was entitled to compassionate release under 18 U.S.C. § 3582(c)(1). Rather than responding, the government moves for summary affirmance and to stay the briefing schedule. We address the parties' contentions in turn.

## I

In 1994, a grand jury in the Southern District of Florida charged Mr. Cross with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 ("Count One"); use of firearms, including a machine gun and silencers, during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2 ("Count Two"); being a fugitive in possession of firearms, in violation of 18 U.S.C. §§ 922(a)(1), 924(a)(2), and 2 ("Count Eight"); possession of unregistered firearms, in violation of 26 U.S.C. §§ 5861(d), 5871, and 2 ("Count Nine"); and use of intimidation with intent to influence the testimony of another, in violation of 18 U.S.C. §§ 1512(b)(1), and 2

("Count Ten").  The indictment did not mention either cocaine base or crack cocaine.

The case proceeded to trial, and a jury found Mr. Cross guilty on all counts.  The presentence investigation report ("PSR") described the offense conduct consistent with the evidence presented at trial.  Like the indictment, the PSR did not mention either cocaine base or crack cocaine.  The district court sentenced Mr. Cross to 720 months' imprisonment, including a 360-month consecutive sentence for the § 924(c) conviction (Count Two).

The district court entered its judgment in 1995.  Mr. Cross appealed, but we affirmed in 1999.  *See United States v. Walker*, 194 F.3d 1322 (1999) (table).  Later, the district court reduced Mr. Cross' total sentence to 651 months' imprisonment.

In 2020, Mr. Cross, proceeding *pro se*, moved the district court for a sentence reduction under §404 of the First Step Act.  He argued, among other things, that he was convicted of a covered offense under § 404(b) of the First Step Act.  However, he conceded that he "was sentence[d] for an offense that involved *pow[d]er* cocaine and he [wa]s still serving the sentence."

The district court denied Mr. Cross' motion.  As to the merits of his § 404(b) First Step Act motion, the district court concluded that Mr. Cross' sole drug offense of conviction (Count One) involved powder cocaine, not crack cocaine.  Accordingly, it concluded that Mr. Cross was not convicted of a "covered offense" under § 404 of the First Step Act and was not eligible for relief.

In August of 2022, Mr. Cross filed the present *pro se* motion for relief, citing both § 3582 and § 404(b). After describing the First Step Act, Mr. Cross asserted that "the [18 U.S.C. §] 841(b)(1)(A) sentencing enhancement, as amended, no longer necessarily applie[d]" to his conduct and, therefore, he "was entitled to the benefit" of the "sentence structure in § 841(b)(1)(A)." He argued that the district court was "not limited under the First Step Act" and could consider his request based on intervening changes in law based on the Supreme Court's decision in *Concepcion*. He also asserted that *Concepcion* required the district court to consider his arguments and explain its decision.

As for specific changes in the law which he asserted would benefit him, Mr. Cross cited cases from the Supreme Court, this Court, and other jurisdictions which he asserted showed that the district court erred at trial when it gave jury instructions concerning aiding and abetting liability and being a fugitive from justice. He thus requested the district court to consider these intervening changes of law in reducing his total sentence.

The district court denied Mr. Cross' motion. Of relevance, as it had previously stated about Mr. Cross' 2020 First Step Act motion, the district court found that the drug conviction (Count One) involved powder cocaine rather than crack cocaine, and thus, Mr. Cross was not eligible for relief under § 404 of the First Step Act.

This appeal followed.

## II

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969). A motion for summary disposition postpones the due date for the filing of any remaining brief until this Court rules on the motion. 11th Cir. R. 31-1(c).

*Pro se* pleadings will be liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). That said, arguments not raised in an appellant's initial brief are typically deemed abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

## A

When appropriate, we will review *de novo* whether a district court had the authority to modify a term of imprisonment. *See United States v. Phillips*, 597 F.3d 1190, 1194 & n.9 (11th Cir. 2010). *See also United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013) (same as to district court's authority to modify a term of imprisonment under § 3582(c)(2)). Where a party does not raise an issue below, however, we will review a challenge on appeal only for plain error. *See United States v. Anderson*, 1 F.4th 1244, 1268 (11th Cir. 2021). Plain error requires: (1) an error; (2) which was plain;

and that (3) affects a defendant's substantial rights. *See United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006). "A plain error is an error that is 'obvious' and is 'clear under current law.'" *United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017). Generally speaking, "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *Id.*

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015); *see* 18 U.S.C. § 3582(c)(1)(B). The First Step Act is a self-contained, self-executing, independent grant of authority empowering district courts to modify criminal sentences in the circumstances to which the Act applies. *See United States v. Edwards*, 997 F.3d 1115, 1120 (11th Cir. 2021).

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between those convicted of crack cocaine offenses, on one hand, and those convicted of powder cocaine offenses, on the other. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220 § 2(a), 124 Stat. 2372 (2010). Specifically, § 2 of the Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum prison term from 50 grams to 280 grams, and the quantity necessary to trigger a 5-year mandatory minimum prison sentence from 5 grams to 28 grams. See Fair Sentencing Act § 2(a)(1)-(2). But these amendments were not made retroactive to defendants who, like Mr. Cross, were sentenced before

the enactment of the Fair Sentencing Act. *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

Importantly, the Fair Sentencing Act did not address those who — like Mr. Cross — were convicted of illegally using firearms, in violation of 18 U.S.C. § 924(c), being a fugitive in possession of a firearm, in violation of 18 U.S.C. §§ 922(a)(1), (a)(2), possessing unregistered firearms, in violation of 26 U.S.C. §§ 5861(d), 5871, or using intimidation with intent to influence the testimony of another, in violation of 18 U.S.C. § 1512(b)(1).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses provided under the Fair Sentencing Act. *See* First Step Act § 404. But it also indicated that "[n]othing in [§ 404] shall be construed to *require a court to reduce any sentence* pursuant to this section." § 404(c) (emphasis added).

In *Terry v. United States,* 141 S. Ct. 1858, 1864 (2021), the Supreme Court held that crack cocaine crimes subject only to § 841(b)(1)(C) penalties were not covered offenses within the meaning of the First Step Act. Moreover, because § 841(b)(1)(C) has no minimum crack cocaine quantity requirement, the Fair Sentencing Act did not modify the statutory penalty for crimes subject to § 841(b)(1)(C) penalties. *See id*. at 1863. "Before [the Fair Sentencing Act of] 2010, the statutory penalties for [§ 841(b)(1)(C)] were 0-to-20 years, up to a $1 million fine, or both, and a period of supervised release. After 2010, these statutory penalties remain exactly the same." *id*. at 1862–63. *Terry*, while noting that the First Step Act

"g[ave] *certain crack offenders* an opportunity to receive a reduced sentence," did not address whether a powder cocaine conviction was a "covered offense" under the First Step Act. *Id*. at 1860-64.[1]

We have explained that the "as-if" requirement of § 404(b) contains two limitations. *See United States v. Jones*, 962 F.3d 1290, 1303 (11th Cir. 2020), *vacated by Jackson v. United States*, 143 S. Ct. 72 (2022), *reinstated by United States v. Jackson*, 58 F.4th 1331 (2023). First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *See id*. Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by previous drug-quantity findings, including those made by a court, that could have been used to determine the movant's statutory penalty at the time of sentencing. *See id*. If a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—*i.e.*, if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act

---

[1] The definition of a "covered offense" can cover a multidrug conspiracy offense that includes both a crack-cocaine element and another drug-quantity element, if the crack-cocaine element of the offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii), even if the movant ultimately would be subject to the same statutory range due to the other drug-quantity element. *See United States v. Taylor*, 982 F.3d 1295, 1300-01 (11th Cir. 2020).

would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id.*

In *Concepcion*, the Supreme Court considered the appeal of the denial of a defendant's First Step Act motion. *See* 142 S. Ct. at 2396. Of relevance, Mr. Concepcion had pleaded guilty of one count of distributing five or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). *See id.* In addition, Mr. Concepcion was sentenced as a career offender under the Sentencing Guidelines, raising his guidelines range significantly. *See id.* After Mr. Concepcion filed his First Step Act motion, the government conceded that he was convicted of a "covered offense." *Id.* at 2397. However, the government argued, and the lower courts agreed, that the district court could not consider later changes to the Sentencing Guidelines—including those that would make Mr. Concepcion ineligible for a career offender enhancement if he was sentenced after the First Step Act—in determining whether to reduce his sentence. *See id.* at 2397-98, 2398 n.2.

The Supreme Court held in *Concepcion* that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act. *See id.* at 2404. The Supreme Court stated that a district court has discretion to reject a defendant's arguments about an intervening change in law, so long as it articulates a brief statement of reasons for its ruling on a defendant's motion. *See id.* at 2404-05. However, the Supreme Court did not discuss or abrogate

its prior precedent on what constitutes a "covered offense" for the purposes of the First Step Act. *See id.* at 2395-2405.

In *Jackson*, we noted that *Concepcion* "addressed which factors a district court may consider when a prisoner who was convicted of a 'covered offense' seeks a reduced sentence under the First Step Act." *Jackson*, 58 F.4th at 1336. *Concepcion* held that "district courts deciding First Step Act motions may consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Id.* (quotations omitted). In other words, "they *may* consider whether . . . other changes in law counsel in favor of a sentence reduction' for an *eligible* defendant." *Id.* (emphasis added) (quoting *Concepcion*, 142 S. Ct. at 2404–05).

Accordingly, we held in *Jackson* that *Concepcion* did not abrogate the reasoning in *Jones*. *Id.* at 1336-37. We reasoned that *Jones* "was concerned with an issue that arises before the sentencing court's discretion comes into play: determining how much of a drug the defendant possessed." *Id.* at 1336. In contrast, we noted that *Concepcion* "addressed an issue that arises only after drug quantity and the corresponding statutory penalties have been established: which factors the district court may consider in deciding an appropriate sentence." *Id.*

## B

Here, Mr. Cross cited 18 U.S.C. § 3582(c)(2) in the present motion before the district court, but he did not raise any argument about it. Thus, he would have to show plain error in order to prevail on this ground. *See Anderson*, 1 F.4th at 1268. On appeal, Mr.

Cross does not explain how that provision entitles him to relief, so any challenge to the district court's order on that ground is abandoned. *See Sapuppo*, 739 F.3d at 680. In any event, because Mr. Cross does not cite to any authority suggesting that he is entitled to relief under § 3582(c)(2), any error was not plain.

Mr. Cross' brief discusses the compassionate release statute, 18 U.S.C. § 3582(c)(1). But Mr. Cross did not present this issue to the district court and has failed to show the district court plainly erred in denying his motion by failing to consider arguments for compassionate release that he did not present—since he moved for relief under § 404(b). *See Anderson*, 1 F.4th at 1268.

As to his arguments under the First Step Act, Mr. Cross was not convicted of a "covered offense" for which his Count One sentence could be reduced under § 404(b), so the district court did not err in denying his motion. First, Mr. Cross' firearms and witness-intimidation offenses—Counts Two, Eight, Nine, and Ten—were not affected by the First Step Act in any respect. Second, Mr. Cross' sole drug offense—Count One—was a powder cocaine offense, so it, too, was unaffected by the First Step Act. *See Terry*, 141 S. Ct. at 1863–64. Therefore, the district court did not err in finding that Mr. Cross was not convicted of a covered offense and was ineligible for § 404(b) relief.

*Concepcion* does not change this conclusion. In *Terry*, the Supreme Court held that the Fair Sentencing Act modified the statutory penalties for only subparagraph (A) and (B) crack offenses, not subparagraph (C) offenses or non-covered offenses, such as powder

cocaine offenses. *See Terry*, 141 S. Ct. at 1863–64. And nothing in *Concepcion* found this discussion incorrect or abrogated its reasoning. *See Concepcion*, 142 S. Ct. at 2397. Further, we have concluded that *Concepcion* "addressed an issue that arises only after drug quantity and the corresponding statutory penalties have been established: which factors the district court may consider in deciding an appropriate sentence." *Jackson*, 58 F.4th at 1336. Accordingly, *Concepcion*'s language about considering intervening caselaw is inapplicable to Mr. Cross' case, and Mr. Cross' citations to intervening caselaw do not entitle him to § 404(b) relief.

### III

The government's position is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." We therefore grant its motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1161-62.

**AFFIRMED.**[2]

---

[2] We deny as moot the government's motion to stay the briefing schedule.