[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11544

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE DENIS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:99-cr-00714-JEM-1

————————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Jose Denis appeals following the district court's denial of his motions for compassionate release under 18 U.S.C. § 3582(c)(1). The Government, in turn, moves for summary affirmance and to stay the briefing schedule, arguing, among other things, that the district court did not abuse its discretion in concluding the 18 U.S.C. § 3553(a) factors weighed against Denis's release and that Denis was a danger to the community. After review,[1] we affirm.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). "[T]he First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *vacated*, 143 S. Ct. 72 (2022), *reinstated in United States v. Jackson*, 58 F.4th 1331 (11th Cir. 2023). Under the relevant statute, a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c). In the context of compassionate release, the statute provides that:

---

[1] We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We will not reverse unless we have a definite and firm conviction that the district court committed a clear error of judgment. *United States v. McGregor*, 960 F.3d 1319, 1323 (11th Cir. 2020).

> [T]he court, upon . . . motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i).

The district court need not conduct the compassionate release analysis in any particular order. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). A district court may reduce a term of imprisonment if the § 3553(a) factors favor doing so, there are extraordinary and compelling reasons for doing so, and the reduction would not endanger any person or the community. *Id.* All of these necessary conditions must be satisfied before it can grant a reduction. *Id.* Therefore, the absence of even one condition forecloses a sentence reduction. *Id.* at 1238; *see also United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021).

Summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (stating summary

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). First, the district court did not abuse its discretion in concluding Denis failed to establish the § 3553(a) factors[3] weighed in favor of his release. Even crediting Denis's arguments on appeal—including that he did not receive the death penalty because the jury was not convinced he was the shooter—Denis was involved in incredibly serious crimes. 18 U.S.C. § 3553(a)(1). A jury found he attempted to, and was involved in a conspiracy to, rob a victim of a significant amount of cocaine and, in the process, use and carry a gun, leading to the victim's death. At his sentencing, to reflect the seriousness of his offenses, the district court sentenced Denis to a total sentence of life without the possibility of release. The district court did not abuse its broad discretion in weighing these facts and concluding they were "heinous," giving them significant weight, and concluding a

---

[3] The § 3553(a) factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to afford adequate deterrence, protect the public from the defendant's further crimes, and provide the defendant with needed education or treatment; the kinds of sentence and applicable guideline range under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities between similarly situated defendants; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7). The sentence must also reflect the seriousness of the offense, promote justice for the law, and provide just punishment for the offense. *Id.* § 3553(a)(2)(A).

life sentence remained appropriate.  *See United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (stating the weight given to each § 3553(a) factor is typically "committed to the sound discretion of the district court").  Affirmance on this ground alone would be appropriate.  *Tinker*, 14 F.4th at 1237; *Giron*, 15 F.4th at 1347.

Second, the district court did not abuse its discretion in concluding Denis posed a danger to the community.  *See* 18 U.S.C. § 3142(g) (explaining factors considered when determining if someone poses a danger to the community include the nature and circumstances of the offense—including whether the crime involved a controlled substance—the weight of the evidence against the person, the history and characteristics of the person—including physical and mental condition, family ties, past conduct, history relating to drug or alcohol abuse, and criminal history—and the nature and seriousness of the danger to any person or community posed by the person's release).  Specifically, the nature and circumstances of Denis's offense—including the kidnapping, torture, and murder of a victim who ultimately did not possess the money and drugs that Denis was seeking, and his plan to murder a co-conspirator—support the district court's conclusion in this respect.  Denis does not show the district court committed a clear error of judgment in concluding he would still pose a danger to the community given these facts.

6                    Opinion of the Court                  23-11544

Accordingly, the Government's position is clearly correct as a matter of law, and we GRANT its motion for summary affirmance.[4]

**AFFIRMED.**

---

[4] We need not address Denis's arguments regarding extraordinary and compelling reasons for reducing his sentence. *See Tinker*, 14 F.4th at 1238. Additionally, we deny as moot the Government's motion to stay the briefing schedule.